HAM MARINE, INC., Eagle Pacific
Insurance Company,
Petitioners,

v.

DIRECTOR, OFFICE OF WORKER'S
COMPENSATION PROGRAMS; U.S.
Department of Labor; Robert Keyes,
Jr; P & T Insulation Company; Reli-
ance National Indemnity Company,
(Mississippi Insurance Guaranty As-
sociation, Successor in Interest), Re-
spondents.

No. 04–60818.

United States Court of Appeals,
Fifth Circuit.

Decided Jan. 27, 2006.

Michael J. McElhaney, Jr., Gina Bard-
well Tompkins, Williams, Heidelberg,
Steinberger & McElhaney, Pascagoula,
MS, for Petitioners.

Mark Ambrose Reinhalter, Benefits Re-
view Board, Donald Shire, U.S. Depart-
ment of Labor, Washington, DC, David
Duhon, U.S. Department of Labor Em-
ployment Standards Administration, New
Orleans, LA, Ronald Martin Feder, Davis
& Feder, Stephen A. Anderson, Bryant,
Dukes & Blakeslee, Gulfport, MS, for Re-
spondents.

Before GARWOOD, PRADO and
OWEN, Circuit Judges.

PER CURIAM: *

Petitioners, Ham Marine Inc. (Ham) and
its Longshore & Harbor Workers Com-
pensation Act (LHWCA) insurance carrier,
Eagle Pacific Insurance Company (Eagle),
appeal the decision of the Benefits Review
Board (BRB) affirming the decision of the
Administrative Law Judge (ALJ) holding
Robert Keyes, Jr. (Keyes) entitled to
LHWCA compensation benefits from Ham
on account of injury sustained by Keyes
May 5, 1999, in the course of his employ-
ment with Ham. Keyes was subsequently
employed by P & T Insulation Company
Inc. (P & T) from August 1999 until March
3, 2000.[1]

The sole contentions of petitioners Ham
and Eagle before this court are:

First, that the ALJ and the BRB "erred
in finding that ... [Keyes's] work at P &
T did not aggravate, accelerate or combine
with the initial [May 5, 1999] injury [while
employed at Ham] so as to terminate the
liability of Ham Marine with regard to ...
[the May 5, 1999] injury;" and

Second (and last), that the BRB erred in
affirming the ALJ's decision because the
ALJ erroneously discounted evidence of
two doctors and a therapist who treated
Keyes and credited the evidence of Dr.
Bazzone.

---

* Pursuant to 5TH CIR. R. 47.5 the Court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

1. P & T and its LHWCA insurer, Reliance
National Insurance Company (Reliance), are
respondents here (as they were before the
BRB), and were likewise made parties to the
proceedings before the ALJ where Keyes was

claimant and Ham was the employer. Ham
and Eagle appealed the ALJ's decision to the
BRB. Neither Keyes nor P & T, nor Reliance,
appealed from the ALJ's decision to the BRB,
nor has any of them appealed from the BRB's
decision to this court. P & T (and Reliance)
defend in this court the decision of the BRB
(and that of the ALJ). Keyes has not filed any
brief in this court.

We reject these contentions and affirm the BRB.

We may not reweigh the evidence or substitute our own view of the facts for those of the ALJ, but must instead affirm the ALJ's findings if they are supported by substantial evidence. *Director, OWCP v. Ingalls Shipbuilding, Inc.,* 125 F.3d 303, 305 (5th Cir.1997). In this context, findings by the trier of fact may be affirmed even though we deem them to be contrary to the weight of the medical testimony. *See, e.g., Todd Shipyards Corp. v. Donovan,* 300 F.2d 741, 742 (5th Cir.1962). "Credibility determinations and the resolution of conflicting evidence are the prerogative of the fact finder, here the ALJ" and "he is entitled to weigh the medical evidence—including the relative credibility of the competing experts ...". *Atlantic Marine, Inc. v. Bruce,* 661 F.2d 898, 900 (5th Cir.1981) (internal quotation marks and citations omitted). The ALJ found that Keyes's condition was "the natural result" of the May 5, 1999 injury he sustained while in the course of his employment by Ham and was not in fact "aggravated, exacerbated or worsened by working with P & T." Considering the record as a whole, this finding is supported by substantial evidence, including, but by no means limited to, the testimony of Dr. Bazzone. This finding by the ALJ, and our determination that it is supported by substantial evidence on the record as a whole, is, under a view of the law most favorable to Ham, fatal to its contention that the effects on Keyes's condition of his work with P & T terminated the liability of Ham (and Ham does not contend otherwise).

We further conclude that the ALJ adequately explained, and showed good cause, why in the challenged respects he gave greater weight to the testimony of Dr. Bazzone than to that of Drs. McCluskey and Fineburg and the physical therapist.

*See Scott v. Heckler,* 770 F.2d 482, 485 (5th Cir.1985).

Accordingly, the decision of the BRB is AFFIRMED.